UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JAIRO ESAU ALDANA LOPEZ,<br><br>      Plaintiff,<br><br>vs.<br><br>MARCO RUBIO, Secretary of the U.S. Department of State;<br><br>KRISTI NOEM, Secretary of the U.S. Department of Homeland Security;<br><br>PAM BONDI,<br>in her official capacity as Attorney General of the United States;<br><br>SHANE MYERS, Acting Assistant Secretary, Bureau of Consular Affairs, U.S. Department of State;<br><br>TOBIN BRADLEY, Ambassador of the U.S. Embassy in Guatemala City, Guatemala;<br><br>PATRICK VENTRELL, Deputy Chief of Mission, U.S. Embassy in Guatemala City, Guatemala<br><br>      Defendants. | Case No: 25-250 |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND REVIEW OF AGENCY DECISION UNDER THE ADMINISTRATIVE PROCEDURES ACT**

NOW COMES the Plaintiff, Jairo Esau Aldana Lopez ("Plaintiff" or "Mr. Aldana Lopez"), complains of the defendants as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this Action to challenge the United States Embassy in Guatemala City's denial of his request to reopen his wrongfully terminated petition for an Immigrant Visa

and Alien Registration Application ("Immigrant Visa Application"), submitted on September 23, 2016. Exhibit 1.

2. An Immigrant Visa Application may only be terminated upon sending both a Termination 1 Letter and a Termination 2 Letter to the Plaintiff.

3. On August 28, 2019, Bremer Law & Associates LLC ("Prior Counsel") submitted a request for reinstatement in response to a Termination 1 Letter received by Plaintiff on July 3, 2019.

4. Neither Plaintiff nor Prior Counsel received notice of the alleged Termination 2 Letter as required, between submission of the request for reinstatement and Prior Counsel's request for a status update on the case on February 3, 2022.

5. On February 4, 2022, the US Embassy in Guatemala City, Guatemala ("the Embassy"), notified Prior Counsel that Plaintiff's file had already been destroyed after two warning letters, despite neither Plaintiff nor Prior Counsel receiving any Termination 2 Letter.

6. Defendants' termination and subsequent destruction of Plaintiff's Immigrant Visa Application violated the Administrative Procedures Act as it was an agency action not in accordance with law. 5 U.S.C. § 706(2)(A). Therefore, Plaintiff respectfully requests that Defendants' termination of his Immigrant Visa Application be reversed and subsequently adjudicated properly in accordance with law.

## PARTIES

7. Plaintiff, Jairo Esau Aldana Lopez, is a citizen of Guatemala, a beneficiary of an approved I-130 Petition for Alien Relative (Receipt No. WAC-10-132-13149), a recipient of an approved I-601A Waiver (Receipt No. LIN2090103966), and has submitted correspondence concerning the next steps in the submission of his Immigrant Visa

Application to the U.S. Department of State, Consular Electronic Application Center, to Consular Process to the United States and be admitted as a permanent resident.

8. Defendant Marco RUBIO is the Secretary of the U.S. Department of State. He is an official generally charged with the administration and the enforcement of the provisions of immigration and nationality laws relating to the powers, duties, and functions of diplomatic and consular officers of the United States under 8 U.S.C. § 1104(a). This action is filed against him in his official capacity.

9. Defendant Kristi NOEM is the Secretary of the U.S. Department of Homeland Security ("DHS"), an executive agency of the United States government. This action is filed against her in her official capacity. She is responsible for the enforcement of the INA and for the delegation of adjudicatory and discretionary authority to other employees of the DHS and United States Citizenship and Immigration Services ("USCIS") pursuant to 8 U.S.C. § 1103(a); 8 C.F.R. § 2.1.

10. Defendant Pam BONDI is the Attorney General of the United States, the head officer in the Department of Justice ("DOJ"). She is an official generally charged with supervisory authority over all operations of the DOJ under 28 C.F.R. § 0.5. This action is filed against her in her official capacity.

11. Defendant Shane MYERS is the Acting Assistant Secretary, Bureau of Consular Affairs, U.S. Department of State. He is an official generally charged with helping foreign nationals connect with the United States by issuing visas to qualified visitors, workers, and immigrants under 8 U.S.C. § 1104. This action is filed against him in his official capacity.

12. Defendant Tobin BRADLEY is the Ambassador at the U.S. Embassy in Guatemala City, Guatemala. He is an official generally charged with supervisory authority over all the

operations of the U.S. Embassy in Guatemala City, Guatemala, under 22 U.S.C. § 3902. This action is filed against him in his official capacity.

13. Defendant Patrick VENTRELL is the Deputy Chief of Mission at the U.S. Embassy in Guatemala City, Guatemala. He is an official generally charged with managing the day-to-day operations of the U.S. Embassy in Guatemala City, Guatemala, under 22 U.S.C. § 3902. This action is filed against him in his official capacity.

## JURISDICTION

14. This Court has jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction) and §2201 (action seeking a declaratory judgment).

15. The Administrative Procedures Act ("APA") provides a cause of action and allows for a waiver of sovereign immunity. 5 U.S.C. § 702.

## STANDING

16. The APA provides the right of review for any individual "adversely affected or aggrieved by agency action." 5 U.S.C. § 702. Defendants' improper termination of Plaintiff's Immigrant Visa Application has adversely affected his ability to obtain Lawful Permanent Resident ("LPR") status in the United States. Mr. Aldana Lopez thus falls within the APA's standing provisions.

## VENUE

17. The venue lies in the District of Rhode Island because a substantial part of the events or omissions that gave rise to the Plaintiff's claims occurred in Rhode Island. 28 U.S.C. § 1391(b), (e).

18. According to 28 U.S.C. § 1391(e)(1)(C), actions where a defendant is an officer or employee of the United States, venue is proper in the jurisdiction in which the plaintiff

resides if no real property is involved in the action. The venue also lies in the District of Rhode Island because Defendants are officers of the United States, no real property is involved in this action, and Plaintiff resides in Rhode Island. 28 U.S.C. § 1391(e).

## IMMIGRANT VISA APPLICATION PROCESS

19. Federal immigration laws allow persons who are United States Citizens or aliens admitted as Lawful Permanent Residents to file a petition on behalf of their spouse. 8 C.F.R. § 204.2(a)(1).

20. After USCIS approves the petition, the case is transferred to the Department of State's National Visa Center ("NVC") for pre-processing. 8 C.F.R. § 204.2(a)(3). Thereafter, the foreign relatives must then submit another application and await an interview with a consular officer.

21. The confirmation for the Immigrant Visa Application states that the NVC may require the applicant to correct his submission before scheduling the immigrant visa interview.

22. After the visa interview, a consular officer may be unable to decide on a visa application because they need to review additional documents, or the case requires further administrative processing. When additional documents are requested, the consular officer will issue a refusal letter that advises the alien to submit them. The letter will include instructions on how to send those documents to the Embassy.

23. Immigration and Nationality Act ("INA") section 203(g) provides that the Secretary of State shall terminate the registration (petition) of any alien who fails to apply for an immigrant visa within one year of notice of visa availability. Therefore, if an alien does not respond to notices from the NVC within one year, they risk termination of their petition

under this section of the law and would lose the benefits of that petition, such as their priority date.

24. The Foreign Affairs Manual ("FAM") provides that a Notice of Termination of Registration Letter ("Termination 1 Letter") must be sent to all inactive cases and that if an applicant has not established a basis for reinstatement of registration exists after one year from when the Termination 1 Letter was mailed, then the applicant must be sent the Final Notice of Cancellation of Registration ("Termination 2 Letter"). 9 FAM 504.13-2(D).

25. Defendants have failed to provide Plaintiff with the Termination 2 Letter required to terminate his Immigrant Visa Application. Furthermore, they have maintained, and continue to maintain, a practice denying applicants the rights secured to them pursuant to relevant statutes and Defendants' established procedures.

## CAUSE OF ACTION

26. Plaintiff is a beneficiary of an approved I-130, Petition for Alien Relative (Receipt No. WAC-10-132-13149) on November 22, 2013. *See* Exhibit 1.

27. On September 23, 2016, Plaintiff's mother, Aurelia Aldana ("Aurelia"), received his NVC Welcome Letter. *See* Exhibit 2.

28. On October 19, 2016, Aurelia paid the Affidavit of Support ("AOS") fee to the Department of State. *See* Exhibit 3.

29. On November 14, 2017, Aurelia paid the Immigrant Visa fee to the Department of State. *See* Exhibit 4.

30. On June 12, 2018, Mr. Aldana Lopez received an Interview Letter from NVC scheduling him for his immigrant visa interview at the U.S. Embassy or Consulate in Guatemala City, Guatemala ("the Embassy"), on July 2, 2018, at 7:00 AM. *See* Exhibit 5.

31. On July 3, 2019, Plaintiff received a Termination 1 Letter from the U.S. Embassy in Guatemala City, to which Prior Counsel responded with a signed letter advising that the Plaintiff intended to pursue his I-601A Provisional Unlawful Presence Waiver ("I-601A Waiver") and respectfully requesting his case be reinstated. According to 9 FAM 504.13-3, the request further explained that Plaintiff failed to appear within one year due to the Notario he previously hired informing him that the Embassy had been contacted. *See* Exhibit 6.

32. After Plaintiff requested reinstatement, the Embassy was required to determine whether he established that the failure to apply for the visa was due to circumstances beyond his control. If it is found that the circumstances were beyond Plaintiff's control, the Embassy is required to reinstate the application and petition. 9 FAM 504.13-3(B)(a).

33. On December 2, 2019, Plaintiff, through Prior Counsel, filed his I-601A Waiver with USCIS. *See* Exhibit 7.

34. On July 3, 2020, one year after the Termination 1 Letter was sent, neither Plaintiff nor Prior Counsel received a Termination 2 Letter as required pursuant to 9 FAM 504.13-2(D)(b), nor any communications from the Embassy or NVC.

35. USCIS approved Plaintiff's I-601A Waiver on January 6, 2022 (Receipt No. LIN2090103966). *Id*.

36. By February 3, 2022, Plaintiff and Prior Counsel still had not received any communications from the Embassy or NVC after July 3, 2019. As such, Prior Counsel's paralegal contacted the Embassy to request an update on Mr. Aldana Lopez's case on February 3, 2022. *See* Exhibit 8.

37. On February 4, 2022, the Embassy responded that Plaintiff's file had "already been destroyed after two warning letters that were sent to him previously because of inactivity in this case." The Embassy attached what appears to be the alleged "Termination 2 Letter" they supposedly sent the Plaintiff previously. However, this alleged "Termination 2 Letter" was dated February 4, 2022. *Id*.

38. Applicants awaiting processing of a waiver application by USCIS are not considered inactive cases subject to termination under 203(g). INA 203(g); 9 FAM 504.13-2(A)(2)(b)(7). Plaintiff notified the Embassy of his intent to pursue his I-601A Waiver, a waiver application processed by USCIS, and then applied for his I-601A Waiver. *See* Exhibits 6-7.

39. Plaintiff's I-601A Waiver remained pending at USCIS from December 2, 2019, through January 6, 2022, when approved. Due to the pending I-601A Waiver, Mr. Aldana Lopez was not subject to 203(g); thus, his Immigrant Visa Application should not have been terminated. INA 203(g); 9 FAM 504.13-2(A)(2)(b)(7); *see also* Exhibit 7.

40. Additionally, Plaintiff did not receive the appropriate notifications before the termination of his Immigrant Visa Application as neither he nor Prior Counsel received a Termination 2 Letter as required under 9 FAM 504.13-2(D)(b).

41. Plaintiff has been aggrieved by agency action under the Administrative Procedures Act, 5 U.S.C. § 701 *et seq*.

42. The documents Plaintiff submitted to the NVC and the Embassy established Mr. Aldana Lopez's entitlement and intention to pursue his Immigrant Visa Application.

43. Defendants erred when they failed to issue a decision on Plaintiff's request, through Prior Counsel, to reinstate his Immigrant Visa Application.

☐

44. Defendants further erred when they terminated Plaintiff's Immigrant Visa Application without proper notice in the form of a Termination 2 Letter. To date, neither Plaintiff nor Prior Counsel received a Termination 2 Letter.

45. Defendants acted contrary to law in violation of the APA by withholding a decision on Mr. Aldana Lopez's request to reinstate his Immigrant Visa Application and subsequently by terminating his Immigrant Visa Application without proper notice.

46. Plaintiff has exhausted all administrative remedies available to them as of right.

47. Plaintiff has no recourse to judicial review other than this action.

## **PRAYER**

Wherefore, Plaintiff prays that this Honorable Court grants the following relief:

48. Order Defendants to reopen and reinstate Plaintiff's Immigration Visa Application;

49. Award attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) and 5 U.S.C. § 504 if applicable; and,

50. Order any further relief this Court deems just and proper.

Dated: May 29, 2025

Respectfully Submitted,
Jairo Esau Aldana Lopez

___/s/ Denise Acevedo Perez_____
Denise Acevedo Perez
Attorney for Plaintiff
RI Immigration & Family Law Group
1395 Atwood Ave, Ste 206
Johnston, RI 02919
Tel: 401-270-7104
Email: dperez@rilawgroup.legal